UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA IAN REID,

      Plaintiff,

v.                                                             Case No:  6:16-cv-403-Orl-41GJK

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Joshua Ian Reid (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for child social security benefits and Supplemental Security Income. Doc. No. 1. Claimant alleges a disability onset date of December 28, 2007. R. 272. Claimant argues that the Administrative Law Judge ("ALJ") erred by failing to apply the correct legal standards to the rehabilitation counselor's opinion. Doc. No. 15 at 8. For the reasons set forth below, it is **RECOMMENDED** that the case be **REVERSED** and **REMANDED** for further proceedings.

### I.  PROCEDURAL HISTORY

On January 29, 2012, Claimant protectively applied for child's insurance benefits and Supplemental Security Income. R. 272-81. After an initial denial and reconsideration, on May 23, 2014, the ALJ found Claimant was not disabled. R. 30, 199-224. Claimant appealed the decision to the Appeals Council, and on December 2, 2014, it denied review. R. 1-7. On March 9, 2016, Plaintiff filed this appeal. Doc. No. 1.

## II.     STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. Foote, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.    ANALYSIS

Claimant argues that the ALJ erred in according little weight to the rehabilitation counselor's opinion, as the ALJ's reasons for according her opinion little weight are not based on correct legal standards or substantial evidence. Doc. No. 15 at 10. The rehabilitation counselor, Dr. Flora Ann Pinder, is not a medical doctor, but is certified as a rehabilitation counselor. R. 766-70. On May 21, 2013, Dr. Pinder completed a Mental Residual Functional Capacity Assessment for Claimant, finding that his "ability to complete a normal workday and work week

without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number of and length of rest periods" was "markedly limited." R. 772. The Assessment was completed following vocational evaluations of Claimant. R. 757, 772.

The ALJ gave three reasons for assigning Dr. Pinder's opinion little weight. R. 43. The first reason is that Dr. Pinder is not an "acceptable medical source." R. 43. The second reason is that her "opinions lean more toward describing what the claimant cannot do, whereas the residual functional capacity findings in this decision describe what the claimant can do, despite his limitations, even though he might not want to perform." R. 43. The third reason the ALJ gave for assigning Dr. Pinder's opinion little weight is that "other evidence shows the claimant is capable of more persistence and follow-through than he exhibits in a formal vocational test setting." R. 43.

Dr. Pinder not being an acceptable medical source is an insufficient reason to accord her opinion little weight. Under SSR 06-03p, an ALJ may use evidence from sources other than acceptable medial sources "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." Rehabilitation counselors are specifically listed as a type of other source. Id. In King v. Astrue, 493 F. Supp. 2d 1232, 1234-35 (S.D. Ala. 2007), the court held that the ALJ improperly rejected a report prepared by a nurse-practitioner because she was not a doctor. Because the regulations permit a nurse-practitioner to show the severity of the claimant's impairments, the ALJ's reason for rejecting the report was "contrary to the social security regulations," and the court reversed the Commissioner's decision. Id. Under SSR 06-03p, Dr. Pinder's opinion, because she is a rehabilitation counselor, may be used to demonstrate the severity of Claimant's impairments and how they affect his ability to function, even though

she is not an acceptable medical source.[1] The ALJ's reason for according Dr. Pinder's opinion little weight because she is not an acceptable medical source fails to apply the correct legal standards.

The ALJ's second reason for giving Dr. Pinder's opinion little weight is because her "opinions lean more toward describing what the claimant cannot do, whereas the residual functional capacity findings in this decision describe what the claimant can do, despite his limitations, even though he might not want to perform." R. 43. This argument is specious. The ALJ's residual functional capacity (RFC) for claimant is the following:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the ability to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. Occasionally means up to one-third of the workday and frequently means up to two-thirds of the day. He can sit for 4 hours at one time, and a total of 8 hours per day. He can stand and walk for 2 hours at a time, and a total of 6 hours per 8 hour day. <u>He cannot climb ladders, ropes or scaffolds</u>, but he can occasionally stoop, balance, kneel, crouch and crawl and climb ramps and stairs. <u>He must avoid concentrated exposure to respiratory irritants.</u> He has no manipulative, visual or communicative limitations, other than educational limitations

---

[1] SSR 06-03p sets forth factors the ALJ should consider in determining how much weight to afford an other source's opinion.

> These factors include:
>
> • How long the source has known and how frequently the source has seen the individual;
>
> • How consistent the opinion is with other evidence;
>
> • The degree to which the source presents relevant evidence to support an opinion;
>
> • How well the source explains the opinion;
>
> • Whether the source has a specialty or area of expertise related to the individual's impairment(s); and
>
> • Any other factors that tend to support or refute the opinion.

SSR 06-03p. At best, the ALJ considered one of these factors in according Dr. Pinder's opinion little weight. R. 43.

> (special education in high school). <u>He is precluded from detailed or complex tasks</u> but is capable of simple routine tasks consistent with 1-3 step tasks and unskilled work, with concentration on those tasks for 2 hour periods, with normal breaks and lunch, and <u>requiring no more than occasional interaction with the public, co-workers and supervisors, and no significant reading for the completion of job tasks</u>.

R. 38 (emphasis added). As demonstrated by the emphasized portions, a significant amount of the ALJ's RFC determination describes what Claimant cannot do. An ALJ cannot reject an opinion as to what a claimant cannot do based on the ALJ's preference for an opinion stated in terms of what the person can do. Simply put, whether the doctor chooses to speak in positive or negative terms is not a principled basis to give the doctor's opinion little weight. Giving Dr. Pinder's opinion little weight on such a basis is both arbitrary and unsupported by substantial evidence.

The ALJ's final reason for giving Dr. Pinder's opinion little weight is that "other evidence shows the claimant is capable of more persistence and follow-through than he exhibits in a formal vocational test setting." R. 43. In support of this statement, the ALJ notes that Claimant showed up for work daily, was not fired for non-attendance, consistently attended and participated in group therapy, and complied with his medication regimen. R. 43. This other evidence, however, does not demonstrate "more persistence and follow-through." R. 43. It is evidence that Claimant can be present for work and take medications, but it does not address whether he can stay on task or follow directions while he is working. Dr. Pinder's opinion regarding pace was that Claimant is markedly limited in his "ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." R. 772. This is not the same as coming to work daily; it is about Claimant's ability to perform the job

once he is there. Dr. Pinder did not offer an opinion on Claimant's ability to attend work, which is what the ALJ discussed in giving the opinion little weight. Thus, the ALJ's third reason for affording Dr. Pinder's opinion little weight is not supported by substantial evidence.

The Commissioner argues that Dr. Pinder's findings are inconsistent with other objective findings in record, and then goes on to list those alleged inconsistencies. Doc. No. 15 at 13. None of these were relied upon by the ALJ in giving Dr. Pinder's opinion little weight, however. An ALJ's decision will not be affirmed "simply because some rationale might have supported the ALJ's conclusion." Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984).

The undersigned cannot conclude that the ALJ's error in the reasons stated for affording Dr. Pinder's opinion little weight is harmless. The ALJ's RFC did not include any limitations for pace, as Dr. Pinder's opinion did. R. 38, 772. Additionally, "an ALJ's mistake regarding weight constitutes prejudicial error and cannot be harmless." Barrios v. Colvin, No. 14-24189-CIV-LENARD/GOODMAN, 2016 WL 3964815, at *5 (S.D. Fla. Mar. 18, 2016) (reversing and remanding where ALJ rejected opinion because it was from a nonacceptable medical source, but Social Security regulations provide that opinions from nonacceptable medical sources must be considered regarding impairment severity and functional effects). To determine whether the error was harmless the Court would have to re-weigh the evidence, which it is not permitted to do. Id.

## IV.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **REVERSE** the final decision of the Commissioner and **REMAND** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. direct the Clerk to enter judgment for Claimant and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida, on January 26, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

A. Lee Bentley, III
United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602
Mary Ann Sloan, Regional Chief Counsel, Atlanta
Susan Kelm Story, Acting Deputy Regional Chief Counsel
Megan Gideon, Branch Chief
Richard V. Speegle, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Ken B. Terry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801